IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HECTOR HERNANDEZ,

        Plaintiff,                  CV F 03 6280 AWI WMW P

        vs.                            ORDER DISMISSING COMPLAINT
                                              WITH LEAVE TO AMEND

E. ALAMEIDA, et al.,

        Defendants.

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        This action proceeds on the complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at the Substance Abuse Treatment Facility at Corcoran, brings this civil rights action against defendant correctional officials employed by the California Department of Corrections and Rehabilitation.

        This complaint was originally filed as an action involving several plaintiff inmates. The Court ordered that Plaintiff's request for class certification be denied, and that this action proceed against Plaintiff Hector Hernandez as the sole Plaintiff. Plaintiff's allegations in this action stem from water contamination at Pleasant Valley State Prison. Plaintiff also sets forth other allegations regarding the quality of medical care. Plaintiff does not, however, set

1   forth specific allegations of conduct as to particular defendants.  The original complaint sets
2   forth generalized allegations, but fails to allege facts indicating that particular defendants
3   deprived Plaintiff of a protected interest.
4         The statute plainly requires that there be an actual connection or link between the
5   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
6   Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
7   (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a
8   constitutional right, within the meaning of section 1983, if he does an affirmative act,
9   participates in another's affirmative acts or omits to perform an act which he is legally required
10  to do that causes the deprivation of which the complaint is made."  Johnson v. Duffy, 588 F.2d
11  740, 743 (9th Cir. 1978).
12        The court finds the allegations in plaintiff's complaint vague and conclusory.
13  The court has determined that the complaint does not contain a short and plain statement as
14  required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy,
15  a complaint must give fair notice and state the elements of the claim plainly and succinctly.
16  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege
17  with at least some degree of particularity overt acts which defendants engaged in that support
18  plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ.
19  P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an
20  amended complaint.
21        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
22  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
23  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
24  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
25  there is some affirmative link or connection between a defendant's actions and the claimed
26

deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed; and

2.  Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   August 17, 2007**              /s/  William M. Wunderlich
                                        UNITED STATES MAGISTRATE JUDGE